BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE ROADWAY EXPRESS, INC.
EMPLOYMENT PRACTICES LITIGATION

DOCKET NO. 155

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of three class actions in the Southern District of Texas against Roadway Express, Inc., the International Brotherhood of Teamsters, the Southern Conference of Teamsters and the Houston local teamsters union; and a single class action in the Western District of Texas against the same major defendants and the San Antonio local teamsters union. Plaintiffs allege that defendants violated Title VII of the Civil Rights Act of 1964 by favoring whites for the higher paying position of long-haul driver while assigning non-whites the lower paying position of city driver. They also allege that defendants' seniority system and transfer policies perpetuate the discriminatory hiring pattern by locking plaintiffs in their lower-paying city driver positions. Plaintiffs in the Western Texas action purport to represent all Mexican-Americans or Blacks who do city driving jobs for defendant Roadway at terminals in several major cities within the State of Texas. Plaintiffs in each of the

---

\* Judge Murrah was unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

Southern Texas actions purport to represent a substantially similar class.

Plaintiffs in two of the actions pending in the Southern District of Texas move the Panel for an order transferring all actions to the Western District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. All defendants oppose transfer. We find that these actions involve common questions of fact and that their transfer under Section 1407 to the Western District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Defendants concede that these actions share common questions of fact concerning the interpretation of identical clauses in the master freight contracts, but argue that these questions entail simple discovery procedures, thus making transfer under Section 1407 unnecessary. They contend that the bulk of discovery will involve non-common factual issues because the discrimination alleged in these actions relates to different terminals and different local unions.

We do not agree that this litigation is inappropriate for Section 1407 treatment. First, transfer will ensure that duplicative discovery on the conceded common factual issues is avoided. And any discovery concerning non-common issues can be expeditiously scheduled by the transferee judge without sacrificing the benefits of coordinated or consolidated pretrial proceedings. Secondly, and perhaps crucially, the conflicting and overlapping class allegations contained in the complaints raise

the indubitable possibility of inconsistent class determinations by courts of coordinate jurisdiction. We have consistently held that the existence of and the need to eliminate this possibility presents a highly persuasive reason favoring transfer under Section 1407. See, e.g., In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1385 (J.P.M.L. 1974).

In addition, Roadway's employment practices nationwide were the target of a government enforcement action in the Northern District of Ohio. Following extended pretrial and trial proceedings, a consent decree was entered in that action in September of 1970. A preliminary question in each of the actions in this litigation is the effect of the Ohio consent decree. Counsel advise us that the resolution of this issue will require review of considerable documentary and testimonial evidence adduced in the Ohio proceedings. Thus, transfer of these actions under Section 1407 will result in a single ruling on this preliminary question, thereby conserving judicial time and resources and preventing the possibility of any inconsistent rulings.

Because the federal courts wherein these actions are pending are in proximity to each other, the selection of either court as the transferee forum for this litigation will not substantially inconvenience any of the parties. We are persuaded, however, that the Western District of Texas is the preferable transferee district inasmuch as the action pending in that district appears further advanced in pretrial proceedings.

- 4 -

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in the Southern District of Texas be, and the same hereby are, transferred to the Western District of Texas and, with the consent of that court, assigned to the Honorable Manuel L. Real, sitting by designation pursuant to 28 U.S.C. §292(d), for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action already pending in that district and listed on Schedule A.

| | |
|---|---|
| <u>SCHEDULE A</u> | <u>DOCKET NO. 155</u> |

<u>SOUTHERN DISTRICT OF TEXAS</u>

| | |
|---|---|
| Carl Owens, et al. v. Roadway Express, Inc., et al | Civil Action No. 72-H-1462 |
| Joe H. Bush, et al. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, et al. | Civil Action No. 72-H-1700 |
| George Hernandez Salazar, et al. v. Roadway Express, Inc., et al. | Civil Action No. 73-H-975 |

<u>WESTERN DISTRICT OF TEXAS</u>

| | |
|---|---|
| Thomas Salinas, et al. v. Roadway Express, Inc., et al. | Civil Action No. SA-71-CA-254 |